

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   *(973) 645-2700*
*Newark, New Jersey 07102*

MMW/PL AGR
2018R00802

May 14, 2019

Paul Brickfield, Esq.
70 Grand Avenue
River Edge, New Jersey 07661

*Cr. 19-557 (ES)*

Re: <u>Plea Agreement with Malcolm Salamanca</u>

Dear Mr. Brickfield:

      This letter sets forth the plea agreement between your client, Malcolm Salamanca ("SALAMANCA"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on May 29, 2019 if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from SALAMANCA to two-count Information which charges distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2 (Count One), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5) and 2 (Count Two). If SALAMANCA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SALAMANCA for knowingly possessing and distributing child pornography, as defined in 18, U.S.C. § 2256(8)(A), from on or about November 4, 2016 through on or about November 20, 2017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SALAMANCA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SALAMANCA may be commenced against him, notwithstanding the expiration of the limitations period after SALAMANCA signs the agreement.

MAY 17 2019

Sentencing

### Count One – Distribution of Child Pornography

The violation of 18 U.S.C. § 2252A(a)(2) to which SALAMANCA agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment, a statutory mandatory minimum sentence of five (5) years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that SALAMANCA has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. § 2252A(a)(2) to which SALAMANCA agrees to plead instead carries a mandatory minimum sentence of fifteen (15) years and a statutory maximum prison sentence of forty (40) years.

### Count Two – Possession of Child Pornography

The violation of 18 U.S.C. § 2252A(a)(5) to which SALAMANCA agrees to plead guilty carries a statutory maximum prison sentence of twenty (20) years, pursuant to 18 U.S.C. § 2252A(b)(2) because images of child pornography involved in the offense involved prepubescent minors who had not attained 12 years of age, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that SALAMANCA has a prior conviction under Chapter 110, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the violation of 18 U.S.C. § 2252A(a)(5) to which SALAMANCA agrees to plead instead carries a mandatory minimum

Sentencing

### Count One – Distribution of Child Pornography

The violation of 18 U.S.C. § 2252A(a)(2) to which SALAMANCA agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment, a statutory mandatory minimum sentence of five (5) years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that SALAMANCA has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. § 2252A(a)(2) to which SALAMANCA agrees to plead instead carries a mandatory minimum sentence of fifteen (15) years and a statutory maximum prison sentence of forty (40) years.

### Count Two – Possession of Child Pornography

The violation of 18 U.S.C. § 2252A(a)(5) to which SALAMANCA agrees to plead guilty carries a statutory maximum prison sentence of twenty (20) years, pursuant to 18 U.S.C. § 2252A(b)(2) because images of child pornography involved in the offense involved prepubescent minors who had not attained 12 years of age, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that SALAMANCA has a prior conviction under Chapter 110, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the violation of 18 U.S.C. § 2252A(a)(5) to which SALAMANCA agrees to plead instead carries a mandatory minimum

sentence of ten (10) years and a statutory maximum prison sentence of twenty (20) years.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon SALAMANCA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence SALAMANCA ultimately will receive.

Further, in addition to imposing any other penalty on SALAMANCA, the sentencing judge: (1) will order SALAMANCA to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order SALAMANCA to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require SALAMANCA to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should SALAMANCA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SALAMANCA may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should SALAMANCA be placed on a term of supervised release and subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, SALAMANCA must be sentenced to at least five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SALAMANCA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SALAMANCA's activities and relevant conduct with respect to this case.

## Stipulations

This Office and SALAMANCA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SALAMANCA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and SALAMANCA waive certain rights to file an appeal, collateral attack, writ, or motion after

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

SALAMANCA agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories, seized on or about November 20, 2017, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property ("Forfeitable Property"). *See* 18 U.S.C. § 2253.

SALAMANCA further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. SALAMANCA agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SALAMANCA understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

SALAMANCA hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

SALAMANCA understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SALAMANCA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SALAMANCA wants and agrees to plead guilty to the charged

offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SALAMANCA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SALAMANCA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Registration Consequences

SALAMANCA understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. SALAMANCA wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. SALAMANCA understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, SALAMANCA waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

SALAMANCA has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where SALAMANCA resides; where he is an employee; and where he is a student. SALAMANCA understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. SALAMANCA further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. SALAMANCA has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense;

or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

       This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

       This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SALAMANCA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against SALAMANCA.

       No provision of this agreement shall preclude SALAMANCA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SALAMANCA received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between SALAMANCA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: MELISSA M. WANGENHEIM
Assistant U.S. Attorney

APPROVED:

JUSTIN HERRING
Chief, Cyber Crimes Unit

I have received this letter from my attorney, Paul Brickfield, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Malcolm Salamanca*  Date: 5/24/19
_____
Malcolm Salamanca

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Paul Brickfield*  Date: 5/24/19
_____
Paul Brickfield, Esq.

Plea Agreement With Malcolm Salamanca

Schedule A

1. This Office and SALAMANCA recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and SALAMANCA nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Count One: Distribution of Child Pornography

3. The applicable guideline for Count One is U.S.S.G. § 2G2.2(a)(2). This guideline carries a Base Offense Level of 22.

4. The material involved a prepubescent minor or a minor under the age of twelve. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(2).

5. The offense involved 600 or more images. The offense level is therefore increased by 5 levels. U.S.S.G. § 2G2.2(b)(7)(D).

6. No other specific offense characteristics apply. Thus, the offense level for Count One is 29.

### Count Two: Possession of Child Pornography

7. The applicable guideline for Count Two is U.S.S.G. § 2G2.2(a)(1). This guideline carries a Base Offense Level of 18.

8. The material involved a prepubescent minor or a minor under the age of twelve. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(2).

9. The offense involved 600 or more images. The offense level is therefore increased by 5 levels. U.S.S.G. § 2G2.2(b)(7)(D).

10. No other specific offense characteristics apply. Thus, the offense level for Count One is 25.

### Grouping Analysis

11. The Government and SALAMANCA agree that, pursuant to U.S.S.G. § 3D1.2(a), Counts One and Two Group.

12. Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious of the counts comprising the Group. Accordingly, the offense level applicable to the Group is 29.

13. As of the date of this letter, it is expected that SALAMANCA will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and SALAMANCA's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

14. As of the date of this letter, it is expected that SALAMANCA will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SALAMANCA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SALAMANCA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that SALAMANCA's acceptance of responsibility has continued through the date of sentencing and SALAMANCA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SALAMANCA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to SALAMANCA is 26 (the "agreed total Guidelines offense level").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range resulting from the agreed total Guidelines offense level of 26 is reasonable.

17. SALAMANCA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26. The parties reserve any right they may have

under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        18. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.